UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE PIERCE,

      Plaintiff,

v.                                                                         Case No. 12-12497
                                                                                   Honorable Patrick J. Duggan

NATIONSTAR MORTGAGE LLC and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On May 11, 2012, Plaintiff filed a Complaint against Defendants in the Circuit Court for Oakland County, Michigan, seeking to quiet title and set aside a sheriff's sale of real property located at 412 Lyon Court, South Lyon, Michigan ("Property"). On June 8, 2012, Defendants removed Plaintiff's Complaint to this Court on the basis of diversity jurisdiction. (*See* Notice of Removal, ECF No. 1.) Presently before the Court is Defendants' motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 15, 2012. (ECF No. 3.) Plaintiff has not filed a response to Defendants' motion, despite an order requiring her to do so within twenty-one days of June 19, 2013– the date the parties stipulated to an order lifting a previously entered stay of the proceedings and setting the deadline

for Plaintiff's response to the motion to dismiss.  (Stipulations and Order Lifting Stay, ECF No. 12.)  The Court does not believe that oral argument will aid in its disposition of Defendants' motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the following reasons, the Court grants Defendants' motion.

**I.     Applicable Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)  (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66).

## II.   Factual and Procedural Background

On September 21, 2007, Plaintiff received a loan of $172,950.00 from Homecomings Financial LLC ("Homecomings") and in exchange granted a

mortgage interest in the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings and its assigns. (Defs.' Mot. Ex. B at 3.) At some point in time, the mortgage was assigned to Defendant Nationstar Mortgage LLC ("Nationstar"). (Sheriff's Deed, ECF No. 1 Ex. C.) When Plaintiff failed to make monthly payments as required under the terms of the loan, Nationstar initiated foreclosure by advertisement proceedings pursuant to Michigan Compiled Laws § 600.3204. (Defs.' Br. in Supp. of Mot. to Dismiss at 3.)

In accordance with Michigan's foreclosure by advertisement statute, Nationstar's counsel, Orlans Associates, P.C., thereafter sent Plaintiff a housing counselor notice, posted notice of the sheriff's sale at the Property on September 29, 2010, and published notice of the sale in The Oakland Press on August 26, September 14, and October 1, 8, and 15, 2010. (*Id.* Ex. C.) A sheriff's sale was held on October 26, 2010. (*Id.*) Defendant Federal National Mortgage Association ("Fannie Mae") was the successful bidder, purchasing the Property for $170,920.43. (*Id.*)

According to Plaintiff's Complaint, shortly before the sheriff's sale, she asked that her loan be considered for modification and was told to submit financial information by November 5, 2010 to be considered for a modification. (Compl. ¶¶ 7, 8.) Plaintiff faxed information to "Defendants" on October 21, 2010. (*Id.*

4

¶ 11.)  Plaintiff alleges that she received a letter from Nationstar on October 23, again asking for her documentation and providing her until November 7 to do so. (*Id.* ¶ 12.)  According to Plaintiff, in a November 5, 2010 letter, Nationstar acknowledged receiving Plaintiff's documentation and indicated that "during this evaluation period, your home will not be referred to foreclosure or be sold at a foreclosure sale if the foreclosure process has already been initiated."  (*Id.* ¶¶ 13, 14.)

As indicated earlier, however, the Property had been sold at a sheriff's sale on October 26, 2010.  Plaintiff had six months from the date of the sheriff's sale to redeem the Property.  *See* Mich. Comp. Laws § 600.3240(7).  The redemption period expired on April 26, 2011, with Plaintiff failing to redeem.

On April 7, 2011, Plaintiff filed a lawsuit in state court related to the foreclosure proceedings.  (Defs.' Br. in Supp. of Mot. at 3 n. 2.)  The case was dismissed without prejudice to allow Defendants to consider Plaintiff for a loan modification.  (*Id.* Ex. D at 5.)  On May 11, 2012, Plaintiff filed the instant action seeking to set aside the sheriff's sale and quiet title, alleging that Defendants did not properly notify her of the sheriff's sale and that they violated Michigan's loan modification statute.

After the Complaint was removed to federal court and Defendants filed their

June 15, 2012 motion to dismiss, the parties stipulated to an order staying the case and prohibiting eviction while Defendants reviewed Plaintiff's loan modification request. (Stipulated Order Staying Case, ECF No. 11.) Under the terms of this order, Plaintiff (through counsel) was required to provide Defendants with a completed loan modification package and any additional materials subsequently requested by Defendants. (*Id.* ¶ 3(a)) If Plaintiff qualified for a loan modification and a loan modification agreement was reached, the order provides that the parties would notify the Court and execute a settlement agreement. (*Id.* ¶ 4(d).) However, if Plaintiff failed to provide the requested information (thereby abandoning her application) or she was denied a modification, the order provides that the parties would stipulate to an order lifting the stay and reasonable briefing deadlines with respect to the motion to dismiss. (*Id.* ¶ 4(e).)

On June 19, 2013, the parties submitted and this Court signed a stipulated order lifting the stay. (Stipulation and Order Lifting Stay, ECF No. 12.) The order required Plaintiff to file a response to Defendants' motion to dismiss within twenty-one days. (*Id.* at 2.) No response has been filed as of the date of this Opinion and Order.

### III. Applicable Law and Analysis

    **A.    Defendants' Standing Argument**

6

In their motion to dismiss, Defendants argue that Plaintiff lacks standing to challenge the foreclosure now that the redemption period has expired. The Court disagrees.

Foreclosures by advertisement, as well as the rights of both the mortgagor and mortgagee after the foreclosure sale has occurred, are governed by statute under Michigan law. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (applying Michigan law) (citing *Munaco v. Bank of America*, No. 12-1325, 2013 WL 362752, at *3 (6th Cir. Jan. 31, 2013)). After the sale of foreclosed real property, the mortgagor is provided a six-month period in which to redeem the property. *Conlin*, 714 F.3d at 359. If the mortgagor fails to redeem before this period expires, the mortgagor's "right, title, and interest in and to the property" are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942); *see* M.C.L. § 600.3236. To that end, a court may only set aside a completed foreclosure sale after the expiration of the redemption period upon "a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." *Freeman v. Wozniak*, 241 Mich. App. 633, 617 N.W.2d 46, 49 (2000).

"The confusion over 'standing' arises because under Michigan's foreclosure statute, 'all the right, title and interest which the mortgagor had at the time of the

execution of the mortgage' vests in the entity that purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period." *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013) (citing Mich. Comp. Laws § 600.3236). Several Michigan Court of Appeals' cases hold that mortgagors therefore have no "standing" to challenge a completed foreclosure sale after the expiration of the redemption period. *See, e.g., Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. April 24, 2012); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at *5 (Mich. Ct. App. April 12, 2007). However, the Sixth Circuit Court of Appeals has stated that "these holdings do not turn on standing doctrine." *El-Seblani*, 510 F. App'x at 425 (internal citation and quotation marks omitted); *see also Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, 505 F. App'x 543, 548 (6th Cir. 2012). Rather, "[i]t is more accurate to say that the fraud or irregularity claims in *Overton*, *Awad*, and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani*, 510 F. App'x at 425.

Therefore, Plaintiff does not lack "standing" to challenge the foreclosure

sale. However, she must make "a clear showing of fraud or irregularity as to the foreclosure proceeding itself" in order for the Court to set aside the sheriff's sale. If Plaintiff cannot make this showing, she cannot demonstrate that she has title to the Property superior to Fannie Mae and her quiet title claim fails. *See Williams v. Pledged property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012).

### B. Lack of Notice as Plaintiff's Basis for Fraud or Irregularity

In her Complaint, Plaintiff alleges that she did not receive notice of the sheriff's sale as required under Michigan Compiled Laws § 600.3204. The public record, however, belies Plaintiff's claim. According to documents attached to the sheriff's deed, which also are on file with the Oakland County Register of Deeds, notice of the sheriff's sale was posted at the Property on September 29, 2010 and published in The Oakland Press on four dates in September and October 2010. *See supra*. Under Michigan law, such documentation is "presumptive evidence of the facts therein contained." Mich. Comp. Laws § 600.3264.

Plaintiff might argue that this notice was not sufficient because Defendants also informed her that the Property would not be sold while her loan modification request was being evaluated. This alleged communication, however, occurred after the date of the sheriff's sale. Moreover, irregularities regarding notice of a sheriff's sale only render the sale voidable, not void. *Conlin*, 714 F.3d at 361

(citing *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012). To void the sale, Plaintiff must show prejudice resulting from the alleged defect. In other words, Plaintiff must show that, had she received proper notice, she would have been in a better position to preserve her interest in the property. *Id*. Any prejudice Plaintiff may have suffered due to Defendants' alleged confusing signals has since been corrected. This case was stayed for ten months to allow Defendants to review Plaintiff's loan modification application; and the fact that Plaintiff has stipulated to lifting the stay allows the Court to draw the reasonable inference that her modification request was reviewed and denied or was abandoned. (*See* Stipulated Order Staying Case, ECF No. 11; Stipulation and Order Lifting Stay, ECF No. 12.)

Thus the Court concludes that Plaintiff has not met her burden of showing fraud or irregularity in the foreclosure proceedings based on her lack of notice argument.

### C. Failure to Review Her Loan Modification Application as Plaintiff's Basis for Fraud or Irregularity

Plaintiff alleges that Defendants did not properly review her for a loan modification, as required by Michigan Compiled Laws § 600.3205a. For the reasons discussed in the preceding section, any alleged defect has since been cured.

Moreover, even accepting Plaintiff's allegations as true, she would not be entitled to the relief she seeks.

Pursuant to Michigan Compiled Laws § 600.3205c(8), the sole remedy for a violation of the loan modification statute is the conversion of the foreclosure-by-advertisement proceeding to a judicial foreclosure. The statute does not give a borrower cause to challenge a completed foreclosure sale. *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (finding that the plaintiffs "missed the boat regarding the applicability of this statute [Michigan Compiled Laws § 600.3205(c)] which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."); *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov.14, 2011) ("The statute plainly requires the borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure. A borrower may not challenge a completed foreclosure sale under this statute.") As the foreclosure proceedings with respect to the Property have been completed, Plaintiff's claim that Defendants violated Michigan's loan modification statute does not entitle her to the relief sought.

11

The completed foreclosure would have to be aside before the remedy afforded under the loan modification statute could be available to Plaintiff. Again, however, a plaintiff must make a clear showing of fraud or irregularity to set aside a sheriff's sale once the redemption period expires and violations of the loan modification statute do not void a sale absent a showing of prejudice resulting therefrom. *See Kim supra*. Any prejudice posed by Defendants' alleged failure to follow the loan modification statute has been averted, as Plaintiff has been afforded the opportunity to apply and be considered for a loan modification.

## IV. Conclusion

For the above reasons, the Court holds that Plaintiff fails to state a claim to quiet title or set aside the sheriff's sale with respect to the Property.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

Dated: July 30, 2013          s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Phillip J. Weipert, Esq.
Matthew Mitchell, Esq.
Samantha L. Walls, Esq.